AO 247 (Rev. 03/19) Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)  Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the
Southern District of Indiana

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No: 1:07-cr-00012-RLY-TAB-09 |
| Saul Garcia | ) | |
| | ) | USM No: 08456-028 |
| Date of Original Judgment: 12/03/2007 | ) | |
| Date of Previous Amended Judgment: 03/15/2016 | ) | Pro se |
| *(Use Date of Last Amended Judgment if Any)* | | *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☒ DENIED.  ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____.

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated  03/15/2016  shall remain in effect.
**IT IS SO ORDERED**.

Order Date:  06/25/2024

_____
*Judge's signature*

Effective Date: _____
*(if different from order date)*

RICHARD L. YOUNG, Judge
*Printed name and title*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:07-cr-00012-RLY-TAB |
| | ) | |
| SAUL GARCIA, | ) | -09 |
| | ) | |
| Defendant. | ) | |

**ENTRY DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE**

Defendant Saul Garcia moves to reduce his 292-month sentence pursuant to Amendment 821 to the U.S. Sentencing Guidelines ("U.S.S.G.") and 18 U.S.C. § 3582(c)(2). (Filing No. 254).[1] For the reasons set forth below, Garcia's motion must be **DENIED**.

**I.     Background**

In 2007, Garcia was convicted of conspiracy to distribute more than 500 grams of methamphetamine. (Filing No. 49 at 1, 6–7); *see also United States v. Garcia*, 580 F.3d 528, 542 (7th Cir. 2009). The court sentenced him to 380 months of imprisonment. (Filing No. 49 at 7; Filing No. 120). In 2016, his sentence was reduced to 292 months. (Filing No. 120). Garcia indicates in his motion that, in 2021, pursuant to the International Treaty Transfer Program, he was transferred to a Mexican penal institution to serve the remainder of his sentence. (Filing No. 254 at 3).

---

[1] In his motion, Defendant refers to himself as Saul Medina Ibañez. (*See* Filing No. 254 at 1). The court will use Saul Garcia, the name under which he was convicted in this case.

1

**II.     Legal Standard**

Under 18 U.S.C. § 3582(c)(2), the court may modify an imposed sentence of imprisonment to reflect changes in the Sentencing Guidelines where authorized by policy statements from the Sentencing Commission. The policy statement at U.S.S.G. § 1B1.10 provides that the court "may reduce" a defendant's sentence to reflect certain amendments to the Sentencing Guidelines. If a sentence reduction is consistent with U.S.S.G. § 1B1.10, the court considers the sentencing factors set forth in 18 U.S.C. § 3553(a) in deciding whether and how to reduce a sentence. *Dillon v. United States*, 560 U.S. 817, 826–28 (2010); 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10, cmt. n.1(B).

**III.    Discussion**

Garcia argues he is eligible for a sentence reduction under Part B of Amendment 821, which provides a two-level reduction in offense level to certain offenders with zero criminal history points. U.S.S.G. § 4C1.1(a). Garcia contends that he received zero criminal history points, but in fact, he received one criminal history point. (Filing No. 196, Presentence Investigation Report ¶¶ 54–55). He is therefore ineligible for a sentence reduction under Amendment 821, Part B. *See* § 4C1.1(a)(1) (requiring that "the defendant did not receive *any* criminal history points from Chapter Four, Part A" (emphasis added)).

### IV.     Conclusion

Garcia's Motion to Reduce Sentence (Filing No. 254) is **DENIED**.  Garcia's 292-month sentence remains as imposed.

**IT IS SO ORDERED** this 25th day of June 2024.

                                                RICHARD L. YOUNG, JUDGE
                                                United States District Court
                                                Southern District of Indiana

Distribution:

Electronically to Registered Counsel of Record.

Mail to:
Saul Medina Ibañez
SIPE #698/2021, EXP. #2915
CEFERESO #8 "Nor-Poniente"
Calle 300 KM 3.5 Ejido La Chupa Rosa
Predio Jesus Maria C.P81162
Entre Canal 25 y 27
Guasave, Sinaloa, Mexico